

2002 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

4-3-2002

# Newton v. United Co Financial

Precedential or Non-Precedential:

Docket No. 98-2130

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2002

Recommended Citation

"Newton v. United Co Financial" (2002). *2002 Decisions.* Paper 240.
http://digitalcommons.law.villanova.edu/thirdcircuit_2002/240

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2002 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT


No. 98-2130



MARGARET NEWTON; FRAUNCINE LORA MYERS;
JUDITH FOWLER; JASPER SUTTON; CATHERINE
SUTTON

v.

UNITED COMPANIES FINANCIAL CORP.; UNITED
COMPANIES LENDING CORP.,

Appellants


Before: MANSMANN, McKEE and BARRY, Circuit Judges

_____


Appeal from United States District Court
for the Eastern District of Pennsylvania
Docket No.  97-cv-05400
District Judge: Honorable Marvin Katz

_____


Argued February 11, 2002


(Opinion Filed:   April 3, 2002)

Alan C. Gershenson, Esq. (Argued)
Blank, Rome, Comisky & McCauley
One Logan Square
Philadelphia, Pennsylvania 19103

Joseph E. Mayk, Esq.
Blank, Rome, Comisky & McCauley
One Logan Square
Philadelphia, Pennsylvania 19103

    Attorneys for Appellants

Alan M. White (Argued)
Community Legal Services
3638 North Broad Street
Philadelphia, Pennsylvania 19140

David A. Searles
Donovan Searles
1845 Walnut Street
Suite 1100
Philadelphia, Pennsylvania 19103

    Attorneys for Appellees

                              OPINION OF THE COURT


McKEE, Circuit Judge

Mortgage lender, United Companies Lending Corp., and its parent company, United Companies Financial Corp., (together referred to as "United") appeal from an award of attorneys' fees following a bench trial on several claims plaintiffs brought under various provisions of federal and state law. The district court awarded the plaintiffs attorneys' fees in the amount of $375,625.50 plus $8,670.45 in expenses; the entire amount requested. United argues that the district court abused its discretion in awarding fees in that amount because a significant portion of the fee request represents work plaintiffs' attorneys did on a claim that plaintiffs did not prevail on.

For the following reasons, we will vacate the order awarding attorneys' fees and remand in order to afford the district court an opportunity to clarify, and explain its rationale for awarding the full amount of attorneys' fees.

                                        I.

As we write only for the parties, we need not set forth a comprehensive factual or procedural background of this appeal, except insofar as may be helpful to our brief discussion.

In their suit in district court, plaintiffs alleged violations of five federal statutes, and two Pennsylvania statutes. The federal statutes included the Truth-in -Lending Act ("TILA"), the Home Ownership and Equity Protection Act ("HOEPA"), the Equal Credit Opportunity Act ("ECOA"), and the Real Estate Settlement Procedures Act ("RESPA"). After a six-day bench trial, the district court found that United had violated HOEPA, ECOA, and TILA, but the court rejected plaintiffs' claims under RESPA, as well as their claim that United was engaged in a pattern or practice of making loans without regard to consumers' repayment ability; an assertion that would have constituted another violation of HOEPA. Given the court's ruling on the federal claims, the court concluded it was not necessary to reach the state claims.

Based upon this verdict, the court ordered rescission of the mortgages. The court also awarded statutory damages and awarded two of the plaintiffs the amount each had paid on their loans. Thereafter, the plaintiffs filed a Motion for Award of Attorneys' Fees, supported by a fifteen-page Memorandum of Law and more than one hundred pages of exhibits and declarations. United responded with a thirty-five page memorandum in opposition to the motion, supported by more than forty pages of exhibits. United insisted that the court should deny attorneys' fees for claims plaintiffs had not prevailed upon, and reduce the amount of any award accordingly. United's opposition focused upon fees relating to United's alleged practice of making loans without considering the borrowers' ability to repay in violation of HOEPA. United alleged that this "ability to repay claim" was the major part of plaintiffs' case, was really the heart of plaintiffs' suit, and represented the bulk of the effort expended prosecuting plaintiffs' claims. United argued that plaintiffs therefore could not be considered "prevailing parties" to the extent that they lost on this part of their suit.

On December 7, 1998, the district court entered a one page order awarding plaintiffs attorneys' fees in the full amount requested. The order contained a very terse and conclusory statement supporting the award as follows:

          The lodestars and times spent are reasonable. The matters were
          very difficult from a technical legal analysis viewpoint.
          Plaintiffs achieved full success in terms of their realistic aims by
          all obtaining rescission of their mortgages and statutory
          damages. These cases were representative of others who
          achieved the benefit of not losing their homes to foreclosure by
          the result of this test case.


This appeal followed.


                              II.

United has not appealed the district court's ruling on the merits of plaintiffs' claims. Rather, United has only appealed the propriety of the court's fee award. Accordingly, the only issue before us is whether the district court erred in granting attorneys' fees in the full amount requested even though plaintiffs did not prevail on all of their claims.

In Gunter v. Ridgewood Energy Corp., 223 F.3d 190, 196 (3d Cir. 2000) we stated: "it is incumbent upon a district court to make its reasoning and application of the fee-awards jurisprudence clear, so that we, as a reviewing court, have a sufficient basis to review for abuse of discretion." Id.

As set forth above, the order awarding fees here was as conclusory as it was terse. This is especially true when we consider the materials offered to the court in support of the motion, and in opposition to it. Accordingly, we must first determine if the court's "explanation" affords us an adequate basis for review under Gunter.

The court responded to the motion to award attorneys' fees with a one-page order containing barely sixty words of explanation for the court's ruling. This was in response to nearly two hundred pages of memoranda of law, exhibits and testimonials regarding the award of attorneys' fees. The court's order does reference the relevant factors that a court must consider in ruling upon a motion for attorneys' fees such as: the lodestar, the technical difficulty of the case, and the representative nature of the litigation. However, the order does not explain how the court applied those factors to the instant litigation given United's claims about the limited nature of the relief plaintiffs actually won, and the relative importance and complexity of the HOEPA issues on which United prevailed. Although we take no position as to the merits of United's argument as to the centrality of plaintiffs' "ability to pay" HOEPA claim, or United's insistence that the fee award must be reduced, it is clear that the current award can not stand supported only by the conclusory explanation in the district court's order. See Gunter, 223 F.3d at 197. That order does not provide us with sufficient explanation of the court's reasoning to allow us to determine if the award of attorneys' fees in the disputed amount was an abuse of discretion. Accordingly, we will remand so that the district court can clarify the basis for its decision to grant the appellees' entire fee request, and demonstrate its application of the controlling principles.


TO THE CLERK OF THE COURT:

        Please file the foregoing Opinion.

                        /s/Theodore A. McKee
                                        Circuit Judge
DATED: April 13, 2002